DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARGEN ANTWOINE IVORY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1043

[August 10, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Dan L. Vaughn, Judge; L.T. Case No. 312018CF000462A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Sorraya M. Solages-Jones, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the defendant's convictions for possession of various controlled substances and the resulting sentences, except for the trial court's assessment of the $50 in investigative costs requested by the state on behalf of the investigating agency pursuant to section 938.27(1), Florida Statutes (2018), $288.33 in costs of prosecution requested by the state pursuant to the same statute, and $450 in costs imposed for the Indian River County Alcohol and Drug Abuse Trust Fund pursuant to section 938.23(1), Florida Statutes (2018). With respect to these costs, upon which the state concedes error, we reverse and remand for a hearing to be conducted consistent with this court's decision in *Bartolone v. State*, 327 So. 3d 331 (Fla. 4th DCA 2021).

In addition to the $100 in prosecution costs mandated by section 938.27(8), Florida Statutes (2018), the trial court may impose a greater amount of prosecution costs, as well as investigation costs if the amount of each is supported by sufficient evidentiary findings; the court may also impose alcohol and drug trust fund costs if it finds that the defendant has

the ability to pay such costs. *See Bartolone*, 327 So. 3d at 336–37 (reversing erroneously imposed $200 in prosecution costs, as well as local alcohol and drug trust fund costs, and remanding only for the imposition of $100 in prosecution costs, or an amount for such costs greater than $100 if sufficient findings are made, and for the trial court to consider at a new hearing whether to reimpose the alcohol and drug trust fund costs after determining whether the defendant had the required ability to pay them); *see also, e.g.*, *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019) (alcohol and drug trust fund costs "may be reimposed on remand if the trial court finds that the defendant has the ability to pay"); *Delafield v. State*, 301 So. 3d 330, 331 n.1 (Fla. 5th DCA 2020) (under section 938.27(1), Fla. Stat., "to assess investigative costs, the costs must first be requested by the agency and, absent stipulation from the defendant, the amount must then be proven at a hearing").

*Affirmed in part, reversed in part, and remanded with instructions.*

CONNER, FORST and ARTAU, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

2